THE HONORABLE TANA LIN

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| SECURIAN LIFE INSURANCE COMPANY,<br><br>  Plaintiff,<br><br>  v.<br><br>SONAM SAXENA, an individual; THE ESTATE OF SMRITI SAXENA, by and through its Personal Representative Sonam Saxena; and DOES 1 to 10, inclusive,<br><br>  Defendants. | Case No. 2:24-cv-00012-TL<br><br>**AMENDED[1] ORDER FOR LEAVE TO DEPOSIT INTERPLEADER FUNDS**<br><br>**[Local Court Rules 7(d), 67; FRCP 67]**<br><br>NOTE ON MOTION CALENDAR:<br>May 30, 2024 |

Pursuant to the Court's May 23, 2024 Minute Order (Dkt. No. 22), IT IS HEREBY STIPULATED by and between Plaintiff Securian Life Insurance Company and defendants SONAM SAXENA, an individual, and THE ESTATE OF SMRITI SAXENA, by and through its Personal Representative Sonam Saxena that Securian Life be granted leave to interplead the sum payable under the subject insurance policy (including applicable interest and a deduction of an award of attorneys' fees and costs) as follows:

    1.    Securian Life Insurance Company ("Securian Life") is subject to competing claims for insurance benefits in the amount of $750,000.00 (the "Death Benefit") payable because the death of Smriti Saxena (the "Decedent"), an employee's dependent insured under group term life insurance policy number 70412 (the "Policy") issued by Securian Life as a part of Google LLC's

---

[1] This order amends and supersedes the Court's prior Order (Dkt. No. 21).

STIPULATED MOTION FOR LEAVE TO DEPOSIT INTERPLEADER FUNDS

Page **1** of **5**

1. employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Securian Life claims no beneficial interest in the Death Benefit at issue. Rather, pursuant to Federal Rule of Civil Procedure 22 and 28 U.S.C. §1332, Securian Life seeks to have the persons with adverse claims to the Death Benefit interplead and resolve their competing claims, and for Securian Life to be discharged from all further liability. As such, Securian Life should be permitted, pursuant to Federal Rule of Civil Procedure 67, to pay the Death Benefit (plus interest and less attorneys' fees and costs) into the Registry of the Court.

2. Securian issued group term life insurance policy number 70412 (the "Policy") to Google LLC providing a Dependents Term Life Insurance Certificate Supplement ("Supplement") to eligible employees' dependents, including Sonam Saxena's spouse Smriti Saxena (herein the "Decedent"). *See* Complaint, Dkt. No. 1, at ¶ 8. The Policy (and Supplement) is a part of Google LLC's employee welfare benefit plan governed by ERISA. *Id*. Under the ERISA plan, The Supplement provided that Securian will pay the Death Benefit to "you [(Sonam Saxena)] if living, otherwise to your estate." *Id.*, at ¶ 10. The Supplement does not otherwise designate a person as secondary beneficiary. *Id.* The Death Benefit under the Policy payable by reason of the Decedent's death, and subject to this interpleader action, is $750,000.00. *Id.*, at ¶ 9.

3. Prior to, and until, February 18, 2020, Sonam Saxena was the eligible employee under the ERISA plan and was the designated beneficiary pursuant to the terms of the Supplement. *Id.*, at ¶ 11. The Decedent died on February 18, 2020. *Id.*, at ¶12.

4. Shortly after Decedent's death, Securian received notice of Decedent's death and opened a claim for the Death Benefit under the Supplement. Securian is the insurance carrier and claims administrator under the Policy and Supplement. *Id.*, at ¶13.

5. Securian received a copy of the death certificate regarding the Decedent which listed the cause of death as homicidal violence of undetermined etiology. *Id.*, at ¶14.

6. With respect to the Death Benefit owed under the Supplement, Securian Life has received and/or is otherwise on notice of competing and adverse claims to the Death Benefit. *Id.*, at ¶ 20. Thus, Securian Life is unable to pay the Death Benefit without being exposed to the risk of double or multiple liability and/or contravening Google's ERISA governed employee welfare

benefits plan.

7.     On January 3, 2024, Securian Life filed a Complaint in Interpleader pursuant to Federal Rule of Civil Procedure 22 and 28 U.S.C. §1332 asking that the Court interplead the Defendants, fully and finally discharge it from all liability under the Policy, award its fees and costs, and dismiss it from the action. *See,* Complaint, Dkt. No.1. The defendants have appeared. *See,* Answers to Complaint at Dkt. Nos. 14 and 15.

8.     Federal Rule of Civil Procedure 67 permits Securian Life to deposit the Death Benefits under the Policy into the Court's Registry. Specifically, Rule 67 provides:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

FED. R. CIV. P. 67(a).

9.     Securian Life has complied with Local Rules 7(d) and 67 with regard to the request to deposit funds. A proposed order is included with this stipulated motion.

10.     Depositing the Death Benefit ($750,000.00) plus any applicable interest and less Securian Life's attorneys' fees and cost will facilitate judicial economy by permitting Securian Life, which is merely an innocent stakeholder, to withdraw from the dispute while entitlement to the Death Benefit is resolved between adverse claimants.

11.     The parties agree that Securian Life is entitled to recover its fees and costs totaling $23,111.60 and this amount should be deducted from the Death Benefit prior to deposit into the Court's Registry. An award of attorneys' fees and costs to an interpleader plaintiff may be deducted from the interpleaded funds. *See Schirmer Co. Ltd. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 194–95 (9th Cir. 1962).

12.     For the reasons set forth above, the parties request an Order permitting Securian Life to deposit $759,002.71 (the Death Benefit of $750,000.00, plus applicable interest of $32,114.31, and less $23,111.60 for Securian Life's attorneys' fees and cost) into the Court's Registry. The check for $759,002.71 submitted by Securian Life to the Court Clerk on May 13, 2024 shall be

deposited by the Clerk into the Court's Registry until such time as the Court makes an order directing disbursement and distribution of these funds.

DATED this 30th day of May 2024.

| McDOWELL HETHERINGTON LLP | STOKES LAWRENCE, P.S. |
|---|---|
| By: /s/ Jodi K. Swick<br>Jodi Swick, (WSBA #47626)<br>14205 SE 36th Street, Suite 100<br>Bellevue, WA 98006<br>Telephone: (510) 628-2145<br>Fax: (510) 628-2146<br>Email: jodi.swick@mhllp.com<br>Attorneys for Plaintiff Securian Life Insurance Company | By: /s/ Karolyn Hicks<br>Karolyn Hicks (WSBA #30418)<br>1420 Fifth Avenue, Suite 3000<br>Seattle, WA 98101-2393<br>Telephone: (206) 626-6000<br>Fax: (206) 464-1496<br>Email: Karolyn.Hicks@stokeslaw.com<br>Attorneys for Defendant Estate of Smriti Saxena |

ALLEN HANSEN MAYBROWN & OFFENBECHER, PS

By: /s/ Todd Maybrown
Todd Maybrown
600 University Street, Suite 3020
Seattle, WA 98101
Telephone: 206-447-9681
Fax: 206-447-0839
Email: todd@ahmlawyers.com
Attorneys for Defendant Sonam Saxena

//

//

//

//

//

//

STIPULATED MOTION FOR LEAVE TO DEPOSIT INTERPLEADER FUNDS

Page 4 of 5

**ORDER**

Based on the Stipulated Motion (Dkt. No. 23) filed by the Parties pursuant to the Court's May 23, 2024, Minute Order (Dkt. No. 22), it is hereby ORDERED:

1. Securian Life Insurance Company may deposit $759,002.71 (the Death Benefit ($750,000.00) plus applicable interest of $32,114.31 and less $23,111.60) into the Court's Registry.

2. The $759,002.71 tendered by Securian Life on May 13, 2024 shall remain in the Court's Registry until such time as the Court makes an order directing disbursement and distribution of these funds.

3. The Clerk is directed to deposit $759,002.71 into the Registry of the Court.

Dated: June 3, 2024

Tana Lin
United States District Judge