THE HONORABLE TANA LIN

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| SECURIAN LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>          v.<br><br>SONAM SAXENA, an individual; THE ESTATE OF SMRITI SAXENA, by and through its Personal Representative Sonam Saxena; and DOES 1 to 10, inclusive,<br><br>    Defendants. | Case No. 2:24-cv-00012-TL<br><br>**AMENDED[1] JUDGMENT OF DISCHARGE IN INTERPLEADER**<br><br>**[Local Court Rules7(d)]** |

Upon review and approval of the Stipulated Motion for Entry of Judgment of Discharge in Interpleader (Dkt. No. 24), it appearing that this Court has jurisdiction of the parties and the subject matter set forth in Plaintiff Securian Life Insurance Company's Complaint in Interpleader filed in this action, and for good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.   Securian issued group term life insurance policy number 70412 (the "Policy") to Google LLC providing a Dependents Term Life Insurance Certificate Supplement ("Supplement") to eligible employees' dependents, including Sonam Saxena's spouse Smriti Saxena (herein the "Decedent"). The Policy (and Supplement) is a part of Google LLC's employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Under the

---

[1] This order amends and supersedes the Court's prior Order (Dkt. No. 20).

STIPULATED JUDGMENT OF DISCHARGE IN INTERPLEADER

Page **1** of **4**

ERISA plan, The Supplement provided that Securian will pay the Death Benefit to "you [(Sonam Saxena)] if living, otherwise to your estate." The Supplement does not otherwise designate a person as secondary beneficiary. The Death Benefit under the Policy payable by reason of the Decedent's death, and subject to this interpleader action, is $750,000.00.

2. Prior to, and until, February 18, 2020, Sonam Saxena was the eligible employee under the ERISA plan and was the designated beneficiary pursuant to the terms of the Supplement. Decedent passed away on February 18, 2020.

3. Shortly after Decedent's death, Securian received notice of Decedent's death and opened a claim for the Death Benefit under the Supplement.

4. Securian received a copy of the Decedent's death certificate which listed the cause of death as homicidal violence of undetermined etiology.

5. With respect to the Death Benefit owed under the Supplement, Securian Life has received and/or is otherwise on notice of competing and adverse claims to the Death Benefit. Thus, Securian Life is unable to pay the Death Benefit without being exposed to the risk of double or multiple liability and/or contravening Google's ERISA governed employee welfare benefits plan.

6. On January 3, 2024, Securian Life filed a Complaint in Interpleader in this Court.

7. This case is at issue because defendants have appeared. *See,* Answers to Complaint at Dkt. Nos. 14 and 15.

8. In accordance with the Court's approval of a stipulated motion to deposit interpleader funds, Securian Life deposited $759,002.71 (the Death Benefit of $750,000.00, plus applicable interest of $32,114.31, and less $23,111.60 for Securian Life's attorneys' fees and costs) into the Court's Registry.

9. Securian Life is a disinterested stakeholder and is indifferent to which defendant or defendants are entitled to the death benefits payable under the Policy.

10. Securian Life is a citizen of the state of Minnesota, and all defendants are citizens of the State of Washington.

11. The amount in controversy in this action exceeds $75,000 because the Death Benefit totals $750,000.

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and Federal Rule of Civil Procedure Rule 22 because Securian Life is diverse in citizenship from each and every defendant and the amount in controversy exceeds $75,000. "Federal Rule of Civil Procedure 22 permits interpleader action if the amount in controversy exceeds $75,000 and if there is complete diversity between the stakeholder and all of the claimants, even if some of the claimants are citizens of the same state." *Prudential Ins. Co. v. Wells*, 2009 U.S. Dist. LEXIS 43276, p.2 (N.D. Cal. May 21, 2009); see also, *Gelfren v. Republic Nat'l. Life Ins. Co.*, 680 F.2d 79, 81, fn1 (9th Cir. 1982).

13. This Court also has jurisdiction over this matter pursuant 28 U.S.C. § 1331 because the Policy is part of an employee welfare benefit plan which is governed by ERISA.

14. Securian Life has properly filed the Complaint in Interpleader and stated a proper cause for interpleader.

15. That having brought this action and upon depositing with the Court the Death Benefit, plus accrued interest, and minus Securian Life's fees and costs, Securian Life, its predecessors, successors, affiliates, parent corporations, employees, officers and agents are fully and forever released, discharged and acquitted of any liability of any kind or nature whatsoever with respect to the terms of the Policy and/or Plan, the death benefits payable under the Policy and/or Plan, and/or the death of Decedent as to all claims, charges, demands, or otherwise that exist now or may arise at any time in the future.

16. That defendants are permanently enjoined from instituting or prosecuting any proceeding in any state or United States court against Securian Life, its predecessors, successors, affiliates, parent corporations, employees, officers and agents with respect to the terms of the Policy and/or Plan, the death benefits payable under the Policy and/or Plan, and/or the death of Decedent as to all claims, charges, demands, or otherwise that exist now or may arise at any time in the future.

17. Securian Life is dismissed with prejudice from this action.

18. This action shall proceed between the defendants.

19. That except for the prior stipulation and Order awarding fees and costs to Securian

Life in the amount of $23,111.60, all parties are to bear their own fees and costs with respect to the order and judgment for discharge in interpleader and dismissal with prejudice as to Securian Life.

Dated: June 3, 2024

_____
Tana Lin
United States District Judge